## SUPREME COURT.

HENRY H. COX and WILLIAM WRIGHT agt. WILLIAM PLATT, JAMES HOLROYD and CLARK A. BROWN.

An *assignment* for the benefit of creditors, preferring *individual debts*, known to be such, over partnership debts, payable out of the partnership property, if made without *actual fraud*, that is, upon a mistaken supposition that the law sanctioned such an appropriation of partnership property, will not make the whole assignment void; though it may furnish occasion in a proper case for seeking the aid of the court in making distribution of the property among the parties properly entitled to it.

Where an assignment which is only partially objectionable, for making to some extent inequitable preferences, a complaint seeking to set it aside altogether, and for breaking up the whole transaction, and to satisfy the plaintiff's debt alone, and not to divide the property, cannot be sustained.

In such case, the assignment is only partially broken up, and then only in a way which shall enable the court to carry out the principle that equality is equity.

An action in which all the partnership creditors shall be parties; or for the benefit of the plaintiff and such other creditors as shall choose to come in and make themselves parties thereto; or for an account and distribution of the partnership funds, and avoiding illegal or inequitable preferences, is the proper remedy in such case.

*New York Special Term, May*, 1860.

THE plaintiffs, as assignees of judgments obtained against the defendants, Platt and Holroyd, for partnership debts, prosecute this action to set aside, for fraud, an assignment made by the defendant Platt to the defendant, Brown in the name of Platt, and Platt and Holroyd. This assignment, on its face, purports to convey the individual and partnership property of the assignors, and to prefer in part the individual debts of Platt to other debts of Platt and Holroyd.

The alleged fraud consists:

1. In the alleged assignment by one partner, without the consent of his co-partner, of the entire partnership property to a trustee for the payment of debts, giving some preference over others.

2. In the alleged appropriation of partnership property in part to the payment of the individual debts of Platt, in preference to some of those of the partnership of Platt and Holroyd.

3. In providing for the payment of debts which are alleged to be fictitious and unreal.

4. In the fact that the assignee never executed or assented to the assignment.

5. In the fact that the assignee being a non-resident, never took possession of the assigned property otherwise than through a resident agent, and has not personally attended to the execution of the trusts of the assignment, but has transacted the business through said agent.

6. In the fraudulent appropriation and conversion to his own use, and the fraudulent misapplication by the assignee of large sums of money, the proceeds of the assigned property.

HogeBoom, Justice. As to the third, fourth and sixth grounds above mentioned, I think the plaintiffs' allegations are unsupported by the evidence. And the last named ground would furnish a better reason for removing the assignee and appointing another trustee in his place, than for breaking up the assignment itself.

As to the fifth ground, it seems to me that if it were true as a question of fact, it would not of itself furnish a sufficient reason for setting aside the assignment, or even of removing the assignee. But I think the allegation as to the entire absence of any personal supervision and control of the assigned property, on the part of the assignee, is not unqualifiedly correct.

As to the first ground of alleged fraud above mentioned, the proof does not support the allegation of fact upon which the legal fraud is supposed to rest. Platt and Holroyd were not partners at the time of the assignment, and had not been for about two months immediately preceding. The assignment was made in October, 1857. In August

preceding, Holroyd had sold out to one Cheeseman, his interest in the partnership property—and in September, 1857, Cheeseman had sold out to Platt his interest in so much of the partnership property as was attempted to be conveyed by the assignment. The whole legal interest in the property was vested in Platt; and it was not legally necessary for Platt to consult his former partner, Holroyd, as to the disposition of the partnership property, in order to make a lawful and effectual assignment thereof. As the supposed invalidity of the assignment, so far as this ground of fraud is concerned, rests upon an erroneous assumption of fact, it is not necessary to be further considered.

The second is the only remaining ground of alleged fraud, and without discussing the question whether one of two former partners, who has by successive changes of the interest of the other of said partners become ultimately in good faith the sole owner of the partnership property, may not by assignment dispose of the same so as to give a preference to what were originally his own individual debts, I am not clear, upon the evidence in the case, that there was in fact any appropriation of partnership property to the payment of individual debts. There doubtless was an application of the partnership property, by means of the assignment to the payment of debts, for which, or in the incurring of which, Platt's individual name or responsibility was alone given—but Platt claims, and with some reason upon the evidence as to many of them, that all of these were in reality partnership debts or claims, for which the partnership was equitably liable, upon the ground that the moneys or property thus realized were used in the partnership business or for the benefit of the partnership. I have not deemed it necessary to investigate this part of the case, so as to arrive at a final conclusion on this subject, perfectly satisfactory to my own mind, because I have concluded that no actual fraud was intended by Platt,

in reference to this matter, that is so far as he gave some debts a preference over others; he did not direct the appropriation of partnership property to the payment of debts which he did not suppose were either legally or equitably the debts of the partnership.

It appears from the assignment, that in the introductory part of it not only Platt, and Platt and Holroyd, but James Holroyd are named as the assignors, but it never was, in fact, executed by the latter. It further appears, that in one clause of the assignment the individual debts of Holroyd were preferred to some of the partnership debts of the firm. If this were intentional, it would be evidence of fraud, but I think this clause was inserted by mistake, and under the expectation that Holroyd would unite in the assignment. As to the question previously considered, I am of opinion that, as a matter of law, a postponement of certain debts, confessedly partnership debts, to others, which are really individual debts, but are innocently or mistakenly supposed to be partnership debts, will not avoid an insolvent assignment. The remedy is a different one. Indeed, I think I might go further, and hold that an assignment preferring individual debts, known to be such, over partnership debts, out of partnership property, if made without actual fraud, that is, upon a mistaken supposition, that the law sanctioned such an appropriation of partnership property, would not make the whole assignment void, though it might furnish occasion, in a proper case, for seeking the aid of this court in preventing the misappropriation of the property, and enforcing its distribution among the parties properly entitled to participate in it. Such a proper case is not presented in this suit. The complaint is not filed for such a purpose, nor with such an aspect, and I incline to think under the authorities, the action must in such case be brought so as to make all the partnership creditors parties, or expressly for the benefit, not only of the plaintiff, but of all the partnership

creditors who will come in and contribute to the expenses of the litigation. In such a contingency, where the assignment is only partially objectionable, for making to some extent inequitable preferences, it is only partially broken up, and then, only in a way which shall enable the court to carry out the principle that equality is equity. This complaint is filed to set aside the assignment altogether, and not to carry it into effect, either in whole or in part; to break up the entire transaction, and not for an account and distribution of the assigned property; to satisfy the plaintiff's debt alone and not to divide the property equitably among all those who have a fair and equal claim to participate in it. I am therefore of opinion that the plaintiffs are not entitled to the relief which they seek in this action.

At the same time, I am not satisfied that the action was commenced in bad faith, or without some reason to suppose, not merely that there was legal, but actual fraud, in the attempted disposition of the property in question. I am not inclined to charge the plaintiff with costs, or to give either of the parties costs as against the others. The defendant, Brown, is entitled to his costs out of the funds in his hands, and the complaint must be dismissed, without prejudice to a suit in which all the partnership creditors shall be parties, or to a suit commenced as well for the benefit of the plaintiff as for such others similarly situated as choose to come in and make themselves parties thereto, or to a suit for an account and distribution of the partnership funds, and avoiding illegal or inequitable preferences, if such there be. If an injunction has been issued, it must be dissolved, and if a receiver has been appointed, the appointment must be vacated. A decree or judgment must be entered, in conformity with these suggestions, and may be settled upon two days' notice.